# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 15, 2013

Lyle W. Cayce
Clerk

No. 13-40173
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DUSTIN LEE HENRY,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-785-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Dustin Lee Henry appeals the restitution payment schedule imposed following his conviction for theft. In addition to five years of probation, the district court sentenced Henry to restitution in the amount of $5,000, to be paid in monthly installments of $150 until paid in full. Henry contends that the district court failed to properly consider his limited financial resources when setting his restitution payment schedule, resulting in a monthly payment amount that far exceeded his means.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40173

Because Henry did not object to the restitution schedule in the district court, his argument is reviewed under the plain error standard. *See United States v. Arledge*, 553 F.3d 881, 900 (5th Cir. 2008). The following factors are to be considered in setting a restitution payment schedule: (1) the defendant's financial resources and assets, including whether any assets are jointly controlled; (2) the defendant's projected earnings and any other income; and (3) the defendant's financial obligations, including obligations to dependents. 18 U.S.C. § 3664(f)(2); *Arledge*, 553 F.3d at 900. This court will not reverse a district court's decision concerning the scheduling of restitution payments unless the defendant shows "that it is probable that the district court failed to consider one of the mandatory factors and the failure to consider that factor influenced the court." *United States v. Schinnell*, 80 F.3d 1064, 1070 (5th Cir. 1996). Henry's challenge is unavailing, as the district court's questions and comments at sentencing demonstrate that it was familiar with Henry's financial circumstances and considered the § 3663(f)(2) factors in deciding his restitution payment schedule.

AFFIRMED.